IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RIDLEY SHIELDS,**<br>　　　　　　**Petitioner,**<br><br>　　　　v.<br><br>**BARRY SMITH,**<br>**THE DISTRICT ATTORNEY OF THE**<br>**COUNTY OF PHILADELPHIA, and**<br>**THE ATTORNEY GENERAL OF THE**<br>**STATE OF PENNSYLVANIA,**<br>　　　　　　**Respondents.** | **CIVIL ACTION**<br><br><br><br>**NO. 18-750** |

## O R D E R

**AND NOW**, this 24th day of November, 2020, upon consideration of Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus filed by petitioner, Ridley Shields, the Response to Petition for Writ of Habeas Corpus filed by respondents, Reply to Commonwealth's Response to Petitioner's Habeas Corpus Petition filed by petitioner, the record in this case, the Report and Recommendation of United States Magistrate Judge Richard A. Lloret dated October 5, 2020, and Notice of Non-Objection to the Report and Recommendation filed by respondents, **IT IS ORDERED** as follows:

　　　　1.　　The Report and Recommendation of United States Magistrate Judge Richard A. Lloret dated October 5, 2020, is **APPROVED** and **ADOPTED**;

　　　　2.　　Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus filed by petitioner, Ridley Shields, is **GRANTED IN PART** and **DENIED IN PART**.  The Petition is **GRANTED** with respect to the claim that trial and PCRA counsel were ineffective for failing to raise and litigate the Federal Due Process and Sixth Amendment issues concerning the jury instruction on reasonable doubt.  The Petition is **DENIED AND DISMISSED WITH PREJUDICE** in all other respects;

3. Execution of the Writ is **STAYED** for one hundred eighty (180) days from the date of this Order to permit the Commonwealth to commence a new trial on all of petitioner's counts of conviction.[1] Because all counts of petitioner's conviction were compromised by the improper jury instruction on reasonable doubt, all counts must be retried. In the event a new trial is not commenced within the time specified, the writ of *habeas corpus* shall issue, and the Commonwealth shall vacate petitioner's conviction;

4. A certificate of appealability is **DENIED** on all of petitioner's claims other than the Federal Due Process and Sixth Amendment claims concerning the jury instruction on reasonable doubt. With respect to all such claims as to which the writ is denied a certificate of appealability will not issue because reasonable jurists would not debate (a) this Court's decision that the petition does not state a valid claim of the denial of a constitutional right, or (b) the propriety of this Court's procedural rulings with respect to all such claims. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**BY THE COURT:**

**/s/ Hon. Jan E. DuBois**

**DuBOIS, JAN E., J.**

---

[1] Petitioner was convicted of murder of the first degree and criminal conspiracy to commit murder for the shooting death of Jimmy Jamal Moody, aggravated assault for the shooting of Justun Mershon, carrying a firearm without a license, carrying a firearm on the public streets of Philadelphia, and possession of an instrument of crime. N.T. Jan. 8, 2010, pp. 237-40; Commonwealth v. Shields, 23 A.3d 1087 (Table), No. 440 EDA 2010, p. 3, n.1 (Pa. Super. Jan. 21, 2011) (unpublished memorandum).